IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN C. BUTTOLPH, | : | |
| Plaintiff, | : | 1:16-cv-0325 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| PRIME CARE MEDICAL INC., | : | |
| *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**February 28, 2017**

Steven C. Buttolph ("Buttolph" or "Plaintiff"), at all relevant times, an inmate incarcerated at the Perry County Prison, New Bloomfield, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, on February 22, 2016, naming as defendants PrimeCare Medical Inc. ("PrimeCare"), Carl A. Hoffman, D.O. ("Hoffman"), and Tanya Schisler, PA ("Schisler").  (Doc. 1).

Pending is Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, the motion will be granted.

I.     **STANDARD OF REVIEW**

A well-pleaded complaint must contain more than mere labels and conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007).  In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the factual allegations.  *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006).  Notably, the assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements."  *Iqbal*, 556 U.S. at 678.  The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 555 (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); *see also Iqbal*, 556 U.S. at 678 (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); *see also* FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief").

Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## II. ALLEGATIONS OF THE COMPLAINT

Buttolph alleges that on January 11, 2009, at initial intake screening at the Perry County Prison it is noted that he suffers from hemorrhoids and is prescribed Proctosol Hemorrhoid cream. (Doc 1, p. 3, ¶ 2 (a); p. 11). On September 21, 2010, he complained of "extremely painful, swollen hemorrhoids." (*Id.* at 2(b); p. 12). Defendant Schisler examined him on September 29, 2010 and infoms him she can "lance them to relief pressure and pain." (*Id.* at 2(c); pp. 13, 14). Buttolph agrees to the procedure, but in hindsight questions the unhygienic nature of the facility. (*Id.* at 2(c)). The medical notes indicate that the medical personnel cleansed the area with betadine, lanced he hemorrhoid, and cleansed the area again, and applied a dressing. (*Id.* at 14). Buttolph sought medical attention for his "back to the painful condition" hemorrhoids on November 15, 2010, January 27, 2011 and April 7, 2011. (*Id.* at 2(d), (e); pp. 15-17). On April 20, 2011, Buttolph is seen by Schlisler, who documents that he is suffering from "severe hemorrhoids." (*Id.* at 2(f); p. 18). On a June 8, 2011 visit, Schisler notes the recurrent nature of Buttolph's hemorrhoids. (*Id.* at 2(g); p. 21). Buttolph continued treatment throughout 2011and 2012, and, on September 5, 2012, Schisler indicated "cont concerns re: bleeding, enlarged hemorrhoids x years." (*Id.* at 2(h)-(k); pp. 22-26).

On February 20, 2013, Thomas Weber, purportedly a representative of the Perry County Prison, sent an email to Buttolph's attorney with the subject "Steve Buttolph's health," stating "[y]our client is suffering from hemorrhoids which apparently he would like surgically repaired. However, that is an elective procedure that can wait until his discharge." (*Id.* at 2(l); p. 27).

"Mid year 2013, Tanya Schisler, P.A.C. is replaced by Paul Navarro, CRNP." (*Id.* at 2(m)). On August 11, 2013, Buttolph writes to medical stating his hemorrhoids are "completely swollen shut", he's suffering "severe pain" and he thinks "elective is out the door." (*Id.* at 2(n); p. 28). He continues treating for the hemorrhoid condition, *inter alia*, and, on December 11, 2013, Navarro informs him that he will notify a specialist about his hemorrhoid condition. (*Id.* at 2(o) – (q); pp. 29-31). On December 23, 2013, he is informed that he will be seen for a surgical consult. (*Id.* at 2(q); p. 31).

On January 6, 2014, Buttolph is seen by a surgeon who allegedly informs him that "the only remedy for your situation is surgery." (*Id.* at 2(r); p. 31). On January 23, 2014, the surgeon confirms that Buttolph suffers from "rectal bleeding and significant external hemorrhoidal disease" and surgically removes two of three hemorrhoids. (*Id.* at 2(s); p. 33). The surgeon "did not take off the third

hemorrhoidal pillar in risk of having significant stricture. This can be done at a later date when Mr. Buttolph heals." (*Id.*)

Buttolph alleges that the above timeline, as well as Schisler's "admittance on medical records" demonstrates that Schisler subjected him to cruel and unusual punishment and "unnecessary and wanton infliction of pain for a time period exceeding four years." (*Id.* at p. 5). And, "by not sending plaintiff to a specialist, PAC Schisler chose instead to inflict upon plaintiff a reckless disregard of a substantial risk of harm." (*Id.*).

Buttolph further alleges that Defendant Hoffman "was the direct supervisor of Tanya Schisler, P.A.C. and knowingly allowed her to subject plaintiff to chronic and substantial pain due to a serious medical need that he was aware of" and "signed off on all actions taken by PAC Schisler." (*Id.* at p. 5, ¶ 3 "Defendant # 3"). He contends that "As the supervisor of PAC Schisler Dr. Hoffman is held accountable for all actions taken or not taken by her. He is directly responsible for all of the medical personnel that are under his supervision at Perry County Prison and he is responsible for all medical files that he personally signs off on. Dr. Hoffman has made himself culpable to the deliberate indifference resulting in cruel and unusual punishment to plaintiff." (*Id.*)


Buttolph also alleges that "[a]s employers of PAC Schisler and Dr. Hoffman, Primecare Medical Inc is directly responsible and liable for any and all actions taken or not taken by its medical personnel.  It is Primecare Medical Inc.'s responsibility to make sure its employees uphold all Constitutional Law's [sic] when caring for patients."  (*Id.* at pp. 2-3, ¶ 1 "Defendant #1").

## III.   DISCUSSION

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.  *See* 42 U.S.C. § 1983.  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.; see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002*); Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendants seek to dismiss the complaint as barred by the statute of limitations. A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Construction Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). A claim brought pursuant to 42 U.S.C. § 1983 is subject to the same statute of limitations that applies to personal injury tort claims in the state in which such a claim arises. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009). Buttolph's claim arose in Pennsylvania; thus, the applicable statute of limitations is Pennsylvania's two year statute of limitations for personal injury actions. 42 PA. CONS. STAT. ANN. § 5524(2). The statute of limitations period accrues when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action. *See Garvin v. City of Phila.*, 354 F.3d 215 (3d Cir. 2003); *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir.1991).

Defendants argue that the claim accrued, at the latest, mid-year 2013, when Defendant Schisler's involvement ended. (Doc. 15, p. 13). In an effort to toll the statute of limitations, Buttolph invokes the fraudulent concealment exception. Specifically, he argues that subsequent to the Schisler's lancing of the

hemorrhoids, he endured excruciating pain and bleeding for many years and that he "he continued to request medical assistance to his serious medical needs but Primecare Medical led him to believe his condition was not serious and that it was an elective procedure." (Doc. 25, p. 7). It is his position that his claim accrued as the date of his surgery, January 23, 2014.

The fraudulent concealment exception allows tolling of the statute of limitations when the defendant, through an independent affirmative act of concealment, causes the plaintiff to relax his vigilance or deviate from his right of inquiry through fraud or concealment. *Baselice v. Franciscan Friars Assumption BVM Province, Inc.*, 879 A.2d 270, 278 (Pa.2005). It does not render the statute of limitations inoperable. Rather, the statute of limitations begins to run as the plaintiff, exercising reasonable diligence, knew or should have known of the injury and its cause. *Bohus v. Beloff*, 950 F.2d 919, 926 (3d Cir. 1991); *Urland By and Through Urland v. Merrell–Dow Pharmaceuticals, Inc.,* 822 F.2d 1268, 1274 (3d Cir.1987). Notably, reliance on the defendant's conduct when the plaintiff has reason to believe otherwise is not reasonable reliance and will not toll the statute of limitations. *DeMartino v. Albert Einstein Medical Center, Northern Div.*, 313 Pa.Super. 492, 460 A.2d 295, 301-02 (1983); *see also, In re TMI*, 89 F.3d 1106, 1117 (3d Cir. 1996) (denying tolling of the statute of limitations under the doctrine

of fraudulent concealment where significant amounts of information about the Three Mile Island incident were freely available to the public such that it was no longer reasonable to rely solely on statements made by the defendants).

Buttolph's knowledge of the seriousness of his medical condition is evident in his August 11, 2013 requests slip wherein he seeks medical care because his "hemorrhoids are swollen shut" and he remarks "I think elective [surgery] is out the door." (Doc. 1, p. 28). He seeks treatment on four subsequent dates in 2013, and is informed on December 23, 2013, by CRNP Navarro that he is scheduled for a surgical consult on January 6, 2014. (*Id.* at ¶¶ 2 (n)-(q); pp. 30-31). On January 6, 2014, "he sees the specialist and that "[w]hen specialist first look 'before touching' he stated I can see the only remedy for your situation is surgery. He them [sic] did a full exam with the same conclusion. He states severe hemorrhoids." (Doc. 1, ¶ 2(r); pp. 31-32). Based on the above allegations, even fully accepting Buttolph's argument that the seriousness of his condition was fraudulent concealed, as evidenced by the February 20, 2013 email to Buttolph's attorney, there can be no doubt that, at this point, on this date, he knew or should have known the full extent of his condition. As such, the Court concludes that his claim accrued, at the very latest, on January 6, 2014.

This action was commenced on February 16, 2016, the date on which the complaint was signed and presumably delivered to prison authorities for mailing; approximately forty days after the statute of limitations expired. *Houston v. Lack*, 487 U.S. 266 (1988) (holding that that date on which a prisoner delivers documents to prison authorities for mailing is considered the filing date). (Doc. 1, p. 8).[1] The complaint is clearly untimely. Defendants' motion to dismiss will be granted and the complaint will be dismissed in its entirety.

## IV. <u>LEAVE TO AMEND</u>

The Court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of Buttolph, even after *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89 (2007). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). In the matter *sub judice*,

---

[1] Even if the Court liberally considered the January 10, 2016 filing date of Buttolph's prior medical malpractice and negligence action, Civil No. 1:16-cv-0072, to be the governing filing date of this action, the complaint would still be untimely. *See Houston*, 487 U.S. 266.

allowing Buttolph leave to amend would be futile as the matter is clearly barred by the statute of limitations.

## V. STATE LAW CLAIMS

District courts may decline to exercise supplemental jurisdiction where:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1–4). Since the claims that form the basis of this Court's jurisdiction under 42 U.S.C. § 1983 will be dismissed, the court declines to exercise supplemental jurisdiction over Buttolph's state law claims.

## VI. CONCLUSION

Based on the foregoing, Defendants' motion (Doc. 14) to dismiss will be granted.

An appropriate Order will issue.